UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10065-RGS

MICHAEL RUDY

v.

RAYMOND MARCHILLI

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

January 25, 2019

STEARNS, D.J.

I agree with Magistrate Judge Boal that the state trial judge's finding that petitioner Michael Rudy suffered no prejudice from his counsel's failure to convey an informal plea offer was not an unreasonable application of established federal law.[1] As the Magistrate Judge notes, on habeas review a federal court will presume the correctness of the state court's factual findings, unless the findings are rebutted by clear and convincing evidence. Rudy does not seriously question the facts found by the trial judge in denying his motion for a new trial; rather, he objects to the trial court's finding that

---

[1] On January 22, 2019, Rudy filed lengthy objections to the Report and Recommendation (R&R), Dkt #40, for the most part repeating the arguments that were made to the Magistrate Judge in the proceedings below.

his testimony was not credible. That finding rested on several premises, among them the inconsistency between Rudy's claim that he would have accepted the alleged plea offer had it been made known to him and his unwavering insistence throughout the trial proceedings of his innocence. Another critical premise was the trial judge's determination that Rudy's volte-face on actual innocence at the hearing on the motion for a new trial had been "intentionally tailored to meet the legal standard he knows this [trial] court must apply." R&R at 7. While Rudy objects vociferously to the trial judge's focus on his credibility as a principal reason for rejecting his claim, as Magistrate Judge Boal notes, a federal court will, with rare exception, defer to a state court's credibility determinations, particularly where they are based on an assessment of demeanor. R&R at 16 n.10. Thus, while accepting the trial judge's conclusion that the first prong of the two-part test of *Strickland v. Washington*, 466 U.S. 668, 691-692 (1984), had been satisfied by counsel's admission that he had failed to convey the plea offer to Rudy, Magistrate Judge Boal concluded that the second prong – a showing of prejudice – had not been met. As indicated, in this regard I am in complete agreement.[2] Consequently, the Recommendation is

---

[2] Although it does not influence or alter the outcome, it is not altogether clear to me that first *Strickland* prong was met. This is because

ADOPTED and the petition is DISMISSED with prejudice. The Clerk will enter judgment for the Respondent and close the case.[3]

---

the plea offer at issue lacked the definiteness required to trigger the duty of counsel fleshed out in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012). The bare offer of "7 to 9 years" was made by the prosecutor in a brief encounter with Rudy's lawyer outside the courtroom on one of the possible dates noted by the trial judge. *See* R&R at 5-6, n.5. That said, the trial court felt constrained to remark on the "absence of more detail in the offer." R&R at 6 n.6. Nonetheless, the judge determined that this was of "no consequence," reasoning that the "crucial factor for any consideration of a plea offer is the longest term of imprisonment . . . ." *Id.* As a matter of federal law, I think the state judge may have been too hasty in reaching this conclusion. In *Frye*, the Supreme Court made clear that the *Strickland* duty it had in mind was triggered only by a "formal" and "favorable" plea offer. *Id.* at 145. The Court went on to explain the advantages of requiring a reasonable degree of formality in the bargaining process.

> First, the fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations. Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings or fabricated charges. *See* N.J. Ct. Rule 3:9–1(b) (2012) ("Any plea offer to be made by the prosecutor shall be in writing and forwarded to the defendant's attorney"). Third, formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id.* at 146. I doubt that a passing remark in a brief encounter satisfies what the Court had in mind in conditioning the duty of counsel to convey on a "formal offer."

[3] Petitioner is advised that any request for the issuance of a Certificate

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no substantial basis of support for an appeal.